Ross Day, OSB #002395
Day Law, P.C.
14945 SW Sequoia Parkway, Suite 150
Portland, Oregon 97224
Mailing Address: P.O. Box 30148
Portland, Oregon 97294
ross@daylawpc.com
T:(503) 747-2705
F:(503) 914-1892
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MANKINS FAMILY LLC**, an Oregon domestic limited liability company, and **PACIFIC CITY INN, INCORPORATED,** an Oregon domestic corporation, | Case No.: |
| *Plaintiffs*, | COMPLAINT |
| *vs.* | (Violation of Civil Rights, 42 U.S.C. §1983; Violations of the Oregon Constitution; 28 U.S.C. §2201 Declaratory and Injunctive Relief) |
| **TILLAMOOK COUNTY, OREGON**, a political subdivision of the state of Oregon, | AMOUNT IN CONTROVERSY: $107,000.00 |
| *Defendants*. | DEMAND FOR JURY TRIAL |

Plaintiffs Mankins Family, LLC and Pacific City Inn, Incorporated allege as follows:

## **INTRODUCTION**

1.

For the first time in a little over 100 years, the United States is faced with a pandemic

that threatened the health and safety of Americans across the Country.  The response from

federal, state and local officials oftentimes imposed heavy burdens on certain sectors of the economy while other sectors of the economy have been left largely unfettered by the government.

2.

The haphazard nature of the restrictions imposed by the government are best described as illogical and irrational. Plaintiffs, who operate lodging facilities, have been subjected to substantial restrictions by the Defendant. Conversely, Defendant has allowed other businesses such as marijuana retail dispensaries to operate with virtually no limitations.

3.

At the time of this filing, other jurisdictions are allowing lodging facilities to open and operate with few, if any, restrictions. However, the Defendant is still prohibiting Plaintiffs from operating their businesses in the same manner, and with the same freedom, enjoyed by other lodging facilities located in Tillamook County and throughout the state of Oregon.

4.

The government – and in particular the Defendant – has used the fear of pandemic as an excuse to trample on the rights of Oregonians over the last couple of months. While the government has broad authority to take steps to protect the general public, that authority must be balanced against the individual liberties protected by the United States and Oregon Constitutions. If the government can avoid the "inconvenience" of respecting the constitutional rights of individuals by simply declaring the existence of a "public health emergency", then the rights guaranteed by the United States and Oregon Constitutions are nothing more than wasted ink on an old piece of paper.

5.

The rights guaranteed by the United States and Oregon Constitutions are not "suggestions" – they are guarantees to each and every citizen of the United States (and Oregon), and must be treated as such. This case asks the Court to give the rights enshrined in the Bill of Rights, the 14th Amendment to the United States Constitution, and Article I of the Oregon Constitution the power they are intended to have to protect the Plaintiffs' rights against the Defendant.

**THE PARTIES**

6.

Plaintiff Mankins Family, LLC is an Oregon domestic limited liability company whose principal place of business is located in Tillamook County, Oregon. Plaintiff Mankins Family, LLC operates a lodging facility known as the Anchorage Motel which is located in the unincorporated area of Tillamook County, Oregon known as Pacific City.

7.

Plaintiff Pacific City Inn, Incorporated is an Oregon domestic corporation whose principal place of business is located in Tillamook County, Oregon. Plaintiff Pacific City Inn, Incorporated operates a lodging facility known as the Pacific City Inn which is located in the unincorporated area of Tillamook County, Oregon known as Pacific City.

8.

Defendant Tillamook County (herein "County") is a political subdivision of the state of Oregon.

## VENUE AND JURISDICTION

9.

This case presents claims against the Defendant pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201, in addition to state law claims.  Accordingly, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental claim jurisdiction).

10.

The acts giving rise to the claims presented in this complaint occurred in Tillamook County, Oregon.  Accordingly, venue is appropriate in this Court.

## GENERAL ALLEGATIONS

11.

Plaintiff Mankins Family, LLC is a multi-member limited liability company organized under the laws of the state of Oregon.  Plaintiff Mankins Family, LLC operates the Anchorage Motel.  For purposes of this Complaint and ease of reading, Plaintiff Mankins Family, LLC shall hereinafter be referred to as "Anchorage Motel".

12.

Plaintiff Pacific City Inn, Incorporated is a domestic business corporation organized under the laws of the state of Oregon.  Plaintiff Pacific City Inn, Incorporated operates the Pacific City Inn.  For purposes of this Complaint and ease of reading, Plaintiff Pacific City Inn, Incorporated shall hereinafter be referred to as "Pacific City Inn".

13.

The Anchorage Motel and Pacific City Inn provide overnight lodging and related services to their guests.  The Anchorage Motel and Pacific City Inn are located in unincorporated Tillamook County, in an area known as "Pacific City".

14.

Both the Anchorage Motel and the Pacific City Inn have health licenses issued by the County, by and through the County's health department.

15.

Both the Anchorage Motel and the Pacific City Inn are located very close to the Oregon shoreline, making the Anchorage Motel and the Pacific City Inn extremely popular during the months of May through approximately September.  For both the Anchorage Motel and the Pacific City Inn, the months of May through September generate enough revenue to allow both Plaintiffs to operate year-round.

16.

The Anchorage Motel typically employs one person through the "slow" months, and two people during the busier summer months.  The Anchorage Motel estimates that since July of 2017 it has contributed approximately two hundred thousand dollars ($200,000.00) to the local economy.

17.

The Pacific City Inn typically employs seven to ten people during the slower Winter months, and fifteen to twenty people during the busier Summer months.  The Pacific City Inn estimates that in 2019 alone it contributed approximately one-hundred seventy-one thousand ($171,000.00) dollars to the local economy.

18.

On March 8th, 2020, the Governor of the state of Oregon Kate Brown declared an emergency under ORS 401.165 *et. seq.* due to the public health threat posed by the novel infectious coronavirus (herein "COVID -19") by signing Executive Order 20-03.  Governor Brown's declaration did not require lodging facilities such as the Anchorage Motel or the Pacific City Inn to cease or restrict operations.  A true and correct copy of Executive Order 20-03 is attached as Exhibit 1 to this Complaint and is adopted and incorporated herein by this reference.

19.

On March 14th, 2020, the County adopted Resolution #R-20-005, which declared a state of emergency within Tillamook County.  The County's declaration did not require lodging facilities such as the Anchorage Motel or the Pacific City Inn to cease or restrict operations.  Resolution #R-20-005 expired (unless extended by the Tillamook County Board of Commissioners) on April 1st, 2020. A true and correct copy of Resolution #R-20-005 is attached as Exhibit 2 to this Complaint and is adopted and incorporated herein by this reference.

20.

On March 22nd, 2020, the County adopted Resolution #R-20-006, which declared a state of emergency still existed in Tillamook County.  For the first time, through Resolution #R-20-006, a governmental authority ordered the closure of lodging facilities such as the Plaintiffs' facilities.  A true and correct copy of Resolution #R-20-006 is attached as Exhibit 3 to this Complaint and is adopted and incorporated herein by this reference.

21.

Resolution #R-20-006 allowed lodging facilities to remain open only to serve the following groups of people approved by the County:

    i.      Current users registered for longer than thirty (30) consecutive days.

    ii.     Essential personnel as defined by federal law, where lodging in Tillamook County is necessary for work involving the safety of human life or the protection of property or performing certain types of other work consistent with the intent of this provision (e.g. emergency and public safety responders, truck drivers and supply providers, and construction industry workers).

    iii.    Other individuals as authorized by the Tillamook County Health Authority.

22.

There is no Oregon statute that gives the County the authority to order the closure of any lawfully established business within the County's jurisdiction.

23.

On March 23rd, 2020, Governor Kate Brown issued Executive Order 20-12 which was entitled "Stay Home, Save Lives". Executive Order 20-12 <u>did not</u> require lodging facilities such as the Anchorage Motel or the Pacific City Inn to cease or restrict operations.  A true and correct copy of Executive Order 20-12 is attached as Exhibit 4 to this Complaint and is adopted and incorporated herein by this reference.

24.

No executive order issued by Governor Kate Brown, at the time of this filing, has ever required lodging facilities such as the Anchorage Motel or the Pacific City Inn to cease or restrict operations.

25.

On April 22nd, 2020, the County adopted Resolution #R-20-008, which extended Resolution #R-20-006 until May 15th, 2020.  Resolution #R-20-006 imposed restrictions on the Anchorage Motel and the Pacific City Inn.  A true and correct copy of Resolution #R-20-008 is attached as Exhibit 5 to this Complaint and is adopted and incorporated herein by this reference.

26.

On May 5th, 2020, the County adopted Resolution #R-20-010, which extended Resolution #R-20-008 until May 31st, 2020.  Resolution #R-20-080 extended the restrictions contained in Resolution #R-20-006, which in turn imposed restrictions on the Anchorage Motel and the Pacific City Inn.  A true and correct copy of Resolution #R-20-010 is attached as Exhibit 6 to this Complaint and is adopted and incorporated herein by this reference.

27.

On May 11th, 2020, the city of Tillamook, which is the largest city located within Tillamook County, allowed lodging facilities within the city's jurisdiction to open and begin providing lodging services to the general public.

28.

The licenses issued by the County to the Plaintiffs give the Plaintiffs the right to operate their lodging facilities.

29.

The County never provided the Plaintiffs with a hearing, an impartial decision maker, or any other element required by the Due Process Clause of the 14th Amendment to the

United States Constitution prior to taking away the Plaintiff's right to operate their lodging facilities.

30.

The County never provided the Plaintiffs with a hearing, an impartial decision maker, or any other element required by the Due Process Clause of the 14th Amendment to the United States Constitution after to taking away the Plaintiff's right to operate their lodging facilities.

31.

As a result of the County's restrictions on the Anchorage Motel, the Anchorage Motel has seen a dramatic decrease in the number of guests and the amount of revenue for March and April of 2020. For instance, in March and April of 2019 the Anchorage Motel had 454 guests. In March and April of 2020, the Anchorage Motel had 56 guests. The Anchorage Motel estimates it has been damaged by the County's unlawful conduct by at least forty-thousand and no dollars ($40,000.00) or an amount to be proven at trial.

32.

As a result of the County's restrictions on the Pacific City Inn, the Pacific City Inn has seen a dramatic decrease in the number of guest and the amount of revenue for March and April of 2020. The Pacific City Inn experienced approximately a twenty percent (20%) decline in room rental over this time period. The Pacific City Inn estimates it has been damaged by the County's unlawful conduct by at least sixty-seven thousand and no dollars ($67,000.00) or an amount to be proven at trial.

33.

The County has threatened the Anchorage Motel with civil and/or criminal prosecution if the Anchorage Motel were to open up and provide lodging services to the general public.

34.

On information and belief, the County would criminally and/or civilly prosecute the Pacific City Inn if the Pacific City Inn were to open up and provide lodging services to the general public.

35.

The Plaintiffs can operate their lodging facilities in such a manner as to protect their customers and the general public from COVID-19, if the Plaintiffs were allowed to open their businesses to the general public.  Other lodging businesses across the state of Oregon are being allowed to operate – including many lodging businesses in the city of Tillamook – safely.  The only impediment to the Plaintiffs being able to operate their lodging businesses is being imposed by the County.

36.

The County's restrictions on the Plaintiffs are not narrowly tailored to achieve a compelling interest of the County.


There is no rational basis for the County's restrictions on the Plaintiffs.

37.

At all relevant times, the County has been acting under color of law.

**FIRST CLAIM FOR RELIEF**
**(Violations of the Civil Rights Act – 42 U.S.C. §1983)**

**COUNT I**
**U.S. Const. Fifth Amendment**
**<u>Unlawful Taking</u>**

38.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.

The Fifth Amendment to the United States Constitution protects the citizens from the taking of property without just compensation

40.

The Plaintiffs have a legally protected right to operate their lodging businesses which cannot be taken away by the County without the County paying the Plaintiffs just compensation.

41.

The County's conduct, taking Plaintiffs' property, constituted a taking of Plaintiffs' property under the Fifth Amendment to the United States Constitution.

42.

The County did not take Plaintiffs' property for public use.

43.

The County has not paid Plaintiffs any compensation for the taking of Plaintiffs' property.

44.

As a direct result of the County's actions, the Anchorage Motel was damaged in the amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged in the amount of $67,000.00 or an amount to be proven at trial.

45.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**COUNT II**
**Oregon Const. Article I Section 18**
**<u>Unlawful Taking</u>**

46.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 37, 40, 42, and 43 as if fully set forth herein.

47.

Article I, Section 18 of the Oregon Constitution protects the citizens from the taking of property without just compensation

48.

The County's conduct, taking Plaintiffs' property, constituted a taking of Plaintiffs' property under Article I, Section 18 of the Constitution.

49.

As a direct result of the County's actions, the Anchorage Motel was damaged in the amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged in the amount of $67,000.00 or an amount to be proven at trial.

50.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs,

disbursements and reasonable attorney fees.

**COUNT III**
**U.S. Const. Fourteenth Amendment**
**Equal Protection of the Laws**

51.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through

37, as if fully set forth herein.

52.

Other similarly situated businesses and individuals which engage in providing

lodging facilities located within Tillamook County, that are licensed by the County by and

through the Tillamook County Health Department, are being allowed to operate and provide

lodging services by the County.

53.

The County, by not allowing the Plaintiffs to provide lodging services to the general

public, but allowing other similarly situated lodging businesses to provide lodging services to

the general public, is denying the Plaintiffs the right to the equal protection of the laws.

54.

As a direct result of the County's actions, the Anchorage Motel was damaged in the

amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged

in the amount of $67,000.00 or an amount to be proven at trial.

55.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs,

disbursements and reasonable attorney fees.

**COUNT IV**
**U.S. Const. Fourteenth Amendment**
**<u>Substantive Due Process</u>**

56.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through

37, as if fully set forth herein.

57.

The actions of the County described above violated the Plaintiffs' rights to

substantive due process guaranteed by the Fourteenth Amendment to the United States

Constitution.

58.

As a direct result of the County's actions, the Anchorage Motel was damaged in the

amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged

in the amount of $67,000.00 or an amount to be proven at trial.

59.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled to an award of their costs,

disbursements and reasonable attorney fees.

**COUNT V**
**U.S. Const. Fourteenth Amendment**
**Procedural Due Process**

60.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 37, 39 through 43, 47, 48, 52, and 53 as if fully set forth herein.

61.

The actions taken by the County were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

62.

The County never provided the Plaintiffs with any process whatsoever before the County deprived the Plaintiffs of the Plaintiffs' most basic civil rights.  The County never provided Plaintiffs with any notice, any opportunity to defend themselves against the County's actions, an impartial decision-maker, or any post-deprivation procedures whatsoever.

63.

The County's actions described throughout this Complaint violated the Plaintiffs' most basic rights to procedural due process in violation of the United States Constitution.

64.

As a direct result of the County's actions, the Anchorage Motel was damaged in the amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged in the amount of $67,000.00 or an amount to be proven at trial.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF
### (Violation of Article I, Section 18 of the Oregon Constitution)

65.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 37, as if fully set forth herein.

66.

Article I, Section 18 of the Oregon Constitution protects the citizens from the taking of property without just compensation

67.

Defendants' conduct, taking Plaintiffs' property, constituted a taking of Plaintiffs' property under Article I, Section 18 of the Constitution.

68.

Defendants did not take Plaintiffs' property for public use.

69.

Defendants have not paid Plaintiffs any compensation for the taking of Plaintiffs' property.

70.

As a direct result of the County's actions, the Anchorage Motel was damaged in the amount of $40,000.00 or an amount to be proven at trial.  The Pacific City Inn was damaged in the amount of $67,000.00 or an amount to be proven at trial.

71.

Pursuant to *Deras v. Myers*, 272 Or. 47 (1975), Plaintiffs are entitled to an award of

their costs, disbursements and reasonable attorney fees.

### THIRD CLAIM FOR RELIEF
### (28 U.S.C. §2201)
### (Declaratory and Injunctive Relief)

72.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through

37, as if fully set forth herein.

73.

An actual controversy exists between the Plaintiffs and the County:

    a. As to whether the County has any authority to impose the restrictions on

       Plaintiffs' lodging facilities under Resolution #R-20-006, Resolution #R-

       20-008, or Resolution #R-20-010;

    b. As to whether the County's actions constitute a violation of Plaintiff's

       civil rights as described in paragraphs 41, 48, 53, 57, 63, and/or 67 of this

       Complaint;

74.

The Plaintiffs are entitled to a declaration:

    a. That the County lacked any authority to impose the restrictions contained

       in Resolution #R-20-006, Resolution #R-20-008, or Resolution #R-20-010

       against Plaintiffs' lodging businesses; and

    b. That the County's actions constitute a violation of Plaintiff's civil rights as

       described in paragraphs 41, 48, 53, 57, 63, and 67 of this Complaint.

75.

Plaintiffs are entitled an injunction against the County, enjoining the conduct described in paragraph 74 of this Complaint.

**WHEREFORE**, Plaintiffs respectfully pray this Court for the following relief

1. On Plaintiffs' First Claim For Relief, Count I, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

2. On Plaintiffs' First Claim For Relief, Count II, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

3. On Plaintiffs' First Claim For Relief, Count III, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

4. On Plaintiffs' First Claim For Relief, Count IV, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

5. On Plaintiffs' First Claim For Relief, Count V, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an

amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

6.  On Plaintiffs' Second Claim For Relief, for a judgment against the Defendant in the amount of $40,000.00 for Plaintiff Anchorage Motel, or an amount to be proven at trial and $67,000.00 for Plaintiff Pacific City Inn or an amount to be proven at trial;

7.  On Plaintiffs' Third Claim For Relief:

    a.  For a declaration that the Defendant lacked the authority to close and/or restrict Plaintiffs' lodging operations;

    b.  For a declaration that Defendant's conduct constituted a taking of Plaintiffs' property without just compensation, under the Fifth Amendment to the United States Constitution;

    c.  For a declaration that Defendant's conduct constituted a taking of Plaintiffs' property without just compensation, under Article I, Section 18 of the Oregon Constitution;

    d.  For a declaration that Defendant's conduct constituted a denial of the equal protection of the laws to the Plaintiffs, as guaranteed under the Fourteenth Amendment to the United States Constitution;

    e.  For a declaration that Defendant's conduct constituted a denial of the Plaintiffs substantive due process rights, as guaranteed under the Fourteenth Amendment to the United States Constitution;

    f.   For a declaration that Defendant's conduct constituted a denial of the Plaintiffs procedural due process rights, as guaranteed under the Fourteenth Amendment to the United States Constitution;

    g.   For an injunction enjoining the Defendant from engaging in conduct for which the County lacks authority or conduct that violates the Plaintiffs' civil rights;

8.  Plaintiffs costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1988.

9.  Plaintiffs costs, disbursements and reasonable attorney fees pursuant to *Deras v. Myers*, 272 Or. 47 (1975)

10. Any other relief the Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this   11th   day of May 2020

                        **DAY LAW, PC**
                        *Attorneys for Plaintiffs*

                        _____/s/ Ross Day_____
                        Ross A. Day, OSB #002395
                        14945 SW Sequoia Parkway, Suite 150A
                        Portland, Oregon 97224
                        Mailing address: P.O. Box 30148
                        Portland, Oregon  97294
                        T: 503-747-2705
                        E: ross@daylawpc.com

# Office of the Governor
# State of Oregon



**EXECUTIVE ORDER NO. 20-03**

**DECLARATION OF EMERGENCY DUE TO CORONAVIRUS (COVID-19)
OUTBREAK IN OREGON**

ORS 401.165 *et seq.* empowers the Governor to declare a state of emergency upon
determining that an emergency has occurred or is imminent. Pursuant to that
authority, I find that the novel infectious coronavirus has created a threat to public
health and safety, and constitutes a statewide emergency under ORS 401.025(1).

The novel coronavirus causes an illness known as COVID-19. Coronavirus are a
group of viruses that can cause respiratory disease, with the potential to cause
serious illness or loss of life.

As of March 8, 2020, there are 14 presumptive or confirmed coronavirus cases in
Oregon, 430 cases in the United States, and 101,927 cases worldwide, in a total of
94 countries. In the United States there have been 19 deaths, and worldwide there
have been 3,486 deaths. On January 30, 2020, the International Health Regulations
Emergency Committee of the World Health Organization declared the outbreak a
"public health emergency of international concern." On January 31, 2020, the
Secretary of the U.S. Department of Health and Human Services declared a public
health emergency for the United States. Two counties in Oregon and several states
also have declared states of emergency in response to the coronavirus outbreak,
including California and Washington.

According to the U.S. Centers for Disease Control and Prevention, COVID-19
presents a "high" potential public health threat, both globally and in the United
States. It spreads person-to-person through coughing and sneezing, close personal
contact, such as touching or shaking hands, or touching an object or surface with
the virus on it, and then touching your mouth, nose, or eyes. The symptoms are
fever, cough and difficulty breathing.

On January 21, 2020, the Oregon Health Authority, Public Health Division
activated its incident management team to prepare for and respond to COVID-19.
On February 28, 2020, the Governor announced the convening of a Coronavirus
Response Team tasked with coordinating state and local agencies and health
authorities in preparation for response to COVID-19. On March 2, 2020, the
Governor activated the State Emergency Coordination Center.

Exhibit 1
Complaint
Page 1 of 3

# Office of the Governor
# State of Oregon



**EXECUTIVE ORDER NO. 20-03**
**PAGE TWO**

In order to ensure the state is fully prepared for COVID-19 and that state and local authorities have the resources needed to respond to COVID-19, a declaration of emergency is necessary.

**NOW THEREFORE, IT IS HEREBY DIRECTED AND ORDERED THAT:**

1.  The Oregon Health Authority and the state Public Health Director shall take all actions necessary and authorized under ORS 401.651 to 401.670, ORS 433.443, and ORS 431A.015 to respond to, control, mitigate, and recover from the emergency, including but not limited to:

    (a)  Deploying emergency volunteer health care professionals under ORS 401.661;

    (b)  Designating emergency health care centers under ORS 401.657;

    (c)  After consultation with appropriate medical experts, creating and requiring the use of diagnostic and treatment guidelines and providing notice of those guidelines to health care providers, institutions and facilities;

    (d)  Issuing guidelines for private businesses regarding appropriate work restrictions, if necessary.

2.  If needed, I will request assistance through the Emergency Management Assistance Compact under ORS 402.105 and the Pacific Northwest Management Assistance Arrangement under ORS 402.250.

3.  The Office of Emergency Management shall, in consultation with the Director of the Oregon Health Authority and state Public Health Director, if necessary, take any action authorized under ORS 433.441. All agencies identified as part of the Governor's Coronavirus Response Team are directed to provide liaisons for the State Emergency Coordination Center. All state government agencies shall utilize and employ state personnel, equipment, and facilities for any and all activities as requested and coordinated by the Oregon Office of Emergency Management. All citizens are to heed the advice of emergency officials with regard to this outbreak in order to protect their health and safety.

Exhibit 1
Complaint
Page 2 of 3

# Office of the Governor
## State of Oregon



**EXECUTIVE ORDER NO. 20-03**
**PAGE THREE**

4.  As necessary to respond to the emergency, I authorize all executive agencies of state government to take, upon further direction from me or my office, any actions authorized under the provisions set forth in ORS 401.168 through 401.192.

5.  State agencies shall develop and implement procedures, including waiving rules or adopting temporary rules within the agency's authority, consistent with recommendations from the state Public Health Director, designed to prevent or alleviate the public health threat.

6.  This declaration serves as a public health emergency for purposes of ORS 653.616, which permits employees to use sick time as specified in ORS 653.616(6).

7.  Persons who believe that they have been subjected to excessive prices for essential consumer goods associated with the coronavirus outbreak are encouraged to report that conduct to the Oregon Department of Justice Consumer Protection hotline, at 1-877-877-9392.

This state of emergency shall exist for sixty days from the date of this Executive Order, unless extended or terminated earlier by the Governor. These findings and this order were initially made by verbal proclamation at 8:14 p.m. on the 7th day of March, 2020, and confirmed in writing by this Executive Order on this 8th day of March, 2020.

Done at Portland, Oregon this 8th day of March, 2020.



Kate Brown
GOVERNOR

ATTEST:

Bev Clarno
SECRETARY OF STATE

Exhibit 1
Complaint
Page 3 of 3



**Tillamook County Board of Commissioners**
201 Laurel Avenue, Tillamook, OR  97141
Phone: 503-842-3403
TTY Oregon Relay Service

Bill Baertlein, Chair
Mary Faith Bell, Vice-Chair
David Yamamoto, Commissioner

March 14, 2020

The Tillamook County Board of Commissioners signed Resolution #20-005 on March 14, 2020 that declares a local state of emergency within Tillamook County due to COVID-19. The following measures are in effect immediately and shall remain in effect until April 1, 2020. The resolution may be extended thereafter by a vote of the Board.

**Tillamook County Courthouse:**
The Tillamook County Commissioners are committed to making every effort to stop and prevent the spread of the virus to our citizens. We encourage everyone to limit their contacts in the community in the days ahead and conduct as much business as possible online and by phone. In this vein, Tillamook County offices in the courthouse are closed to walk-in traffic and open only by appointment or for urgent business. The North courthouse entrance is closed. Members of the public who need to access the courthouse shall use the South entrance. Access to Justice Court, the District Attorney's Office, the Juvenile Department, and Circuit Court is available. Handicapped access to the courthouse remains available.

All branches of the Tillamook County Library will be closed to the public until April 1, 2020 for the safety of patrons and staff. The availability of online resources will be enhanced including books, movies, magazines, and reference materials. See the library website for updates and more information.

The Tillamook County Pioneer Museum will be closed until April 1, 2020 for the safety of patrons, staff, and volunteers.

The Tillamook County Fairgrounds is suspending all events of 250 people or more in compliance with the Governor's mass gathering directive. Please see the fairgrounds website for more information.

Departments in the courthouse may be reached by using the numbers listed below. For more information or to make an appointment please call.

- **Board of Commissioners' Office**        503-842-3403
- **Human Resources Department**        503-842-3418
- **Treasurer's Office**        503-842-3425
- **Assessor's Office**        503-842-3400
- **Clerk's Office**        503-842-3402
- **Justice Court**        503-842-3416
- **District Attorney's Office**        503-842-3410
- **Circuit Court**        503-842-2596
- **Juvenile Department**        503-842-3417
- **Veteran's Office**        503-842-4358



# Tillamook County Board of Commissioners

201 Laurel Avenue, Tillamook, OR  97141
Phone: 503-842-3403
TTY Oregon Relay Service

Bill Baertlein, Chair
Mary Faith Bell, Vice-Chair
David Yamamoto, Commissioner

---

**Offsite County Offices:**

**OPEN**
- **Health Department**                              503-842-3900
- **Sheriff's Office – Jail**                         503-815-3300
- **Tillamook County Parks Department**      503-322-3477
- **Transfer Stations**                              503-842-3419

**CLOSED**
- **Sheriff's Office – Administration**          503-842-3330
- **Sheriff's Office – Parole/Probation**       503-815-3331
- **Library**                                             503-842-1700
- **Community Development**                      503-842-3408
  *Permit inspections done at Department's discretion*
- **Surveyor's Office**                               503-842-3423
- **Public Works and Solid Waste Office**   503-842-3419


Tillamook County employees will remain on the job and working to fulfill the obligations of the county.

All county committee meetings are canceled through until April 1, 2020.

# # #


Attachment:  Resolution #R20-005

BEFORE THE BOARD OF COUNTY COMMISSIONERS

FOR TILLAMOOK COUNTY, OREGON

| | | |
|---|---|---|
| In the Matter of Declaring a Local | ) | RESOLUTION |
| State of Emergency Within Tillamook | ) | #R-20-005 |
| County | ) | |

      This matter came before the Tillamook County Board of Commissioners on the March 14, 2020. The Board of Commissioners, being fully apprised of the records and files herein, finds as follows:

1.    The Coronavirus (COVID-19) is expanding world-wide. County resources will be needed to respond to this threat to keep the public as safe as possible.

2.    Resources related to tracing, disease investigation and prevention, continuity of operation, public information, and funding are expected to be exhausted. The following additional conditions have resulted in the need to declare a local State of Emergency.

NOW, THEREFORE, LET IT BE RESOLVED, that:

3.    The Tillamook County Board of Commissioners under the emergency powers granted by ORS 401.305 declare that a local State of Emergency exists within Tillamook County.

4.    To protect the health of Tillamook County employees, the Human Resources Department may issue emergency rules of guidance of on the use of sick leave, teleworking, or other policies that shall be in effect only for the duration of the emergency.

5.    This resolution directs the Office of Emergency Management for Tillamook County to take all necessary steps authorized by law to coordinate response and recovery from this emergency including, but not limited to requesting assistance and potential reimbursements from the State of Oregon and the appropriate federal authorities.

6.    This declaration of a local State of Emergency shall expire on April 1, 2020, unless extended by the Board.

/ / /

Exhibit 2
Complaint
Page 3 of 4

DATED this 14th day of March, 2020.

BOARD OF COMMISSIONERS FOR
TILLAMOOK COUNTY, OREGON

| | Aye | Nay | Absent/Abstain |
|---|---|---|---|
| _Bill Baertlein, Chair_ | ✓ | ___ | / |
| _Mary Faith Bell, Vice Chair_ | | ___ | / |
| _David Yamamoto, Commissioner_ | | ___ | / |

ATTEST: Tassi O'Neil, County Clerk

BY: _____
        Special Deputy

APPROVED AS TO FORM:

_____
Joel W. Stevens, County Counsel

Exhibit 2
Complaint
Page 4 of 4



# Tillamook County Board of Commissioners

201 Laurel Avenue, Tillamook, OR  97141
Phone: 503-842-3403
TTY Oregon Relay Service

Bill Baertlein, Chair
Mary Faith Bell, Vice-Chair
David Yamamoto, Commissioner

March 22, 2020

In response to the public health emergency presented by COVID-19 to our residents, our workforce and our guests, the Tillamook Board of County Commissioners took decisive action today, March 22, 2020 to mitigate the impacts of visitors and tourists to our area through April 28, 2020.

We will be closing all parks: camping and day use in all privately owned, county, state and federal parks except for folks who live in parks full-time and pay month to month.

We will be closing all transient lodging including hotels, motels, bed and breakfasts and short-term rentals including condos to all visitors who are not providing essential services or are here for commercial reasons such as construction, trucking, etc.

We are closing boat launches to all but commercially fisherman that provide a retail food source. We are closing beach access points and parking lots and extending no parking zones in public right of ways.

COVID-19 represents and unprecedented threat to public health the likes of which has not been seen in the past 100 years. The severity of the threat to life, health and safety calls for extreme measures and immediate action. We care deeply about the economic resilience of our lodging providers and businesses in the tourism sector and are grateful for their sacrifices for the protection of their employees, guests and the community at large.

We ask the community's support and forbearance as the outdoor recreation opportunities that we all value including parks, beach access and boat launches are closed to us all.

# # #

Attachment:  Resolution #R20-006

BEFORE THE BOARD OF COUNTY COMMISSIONERS

FOR TILLAMOOK COUNTY, OREGON

| | | |
|---|---|---|
| In the Matter of the Continuance of a | ) | RESOLUTION |
| Local State of Emergency Within | ) | #R-20-006 |
| Tillamook County | ) | |

This matter came before the Tillamook County Board of Commissioners on March 22, 2020.  The Board of Commissioners, being fully apprised of the records and files herein, finds as follows:

1. Under the emergency powers granted by ORS 401.305, on March 14, 2020 the Board of Commissioners signed Resolution #R-20-005 designating a State of Emergency within Tillamook County due to the spread of the Coronavirus (COVID-19).

2. The emergency still exists and additional measures are required to address the emergency.

NOW, THEREFORE, LET IT BE RESOLVED, that following are effective immediately:

3. As allowed by law, the Board of Commissioners may redirect funds as needed to this emergency.

4. Emergency procurements of goods and services are authorized pursuant to ORS 279B.080, ORS 279C.335(6), and ORS 279C.380(4). Pursuant to ORS 279B.080(2), county department heads issuing emergency contracts shall set a solicitation time period that is reasonable under the emergency circumstances and may issue written or oral requests for offers or make direct appointments without compensation.

5. The following closures shall go into effect no later than **12:00 p.m. on Monday, March 23, 2020:**

   a. Closure of all county, state, and federal parks within Tillamook County. Current park hosts and employees of the park are allowed to remain in the park;
   b. Closure of all county parking lots, beach access, and certain parking areas along road rights-of-way;
   c. Closure of all county public boat launches to non-commercial users that do not commercial fish for the purpose of providing a retail food source; and
   d. Closure of all transient lodging facilities including, but not limited to, motels, hotels, short-term vacation rentals, bed and breakfasts, RV parks, and

Exhibit 3
Complaint
Page 2 of 3

campgrounds. Transient lodging facilities may remain open to serve only the following designated groups:
- i. Current users registered for longer than thirty (30) consecutive days.
- ii. Essential personnel as defined by federal law, where lodging in Tillamook County is necessary for work involving the safety of human life or the protection of property or performing certain types of other work consistent with the intent of this provision (e.g. emergency and public safety responders, truck drivers and supply providers, and construction industry workers).
- iii. Other individuals as authorized by the Tillamook County Health Authority.

6. Resolution #R-20-005 declaring a local State of Emergency is hereby extended and shall expire on April 28, 2020, unless extended by the Board. This Resolution in the matter of continuance of a local state of emergency shall expire on April 28, 2020, unless extended by the Board.

DATED this 22nd day of March, 2020.

BOARD OF COMMISSIONERS FOR
TILLAMOOK COUNTY, OREGON

Bill Baertlein, Chair

Mary Faith Bell, Vice Chair

David Yamamoto, Commissioner

ATTEST: Tassi O'Neil, County Clerk

BY:
Special Deputy

APPROVED AS TO FORM:

Joel W. Stevens, County Counsel

| | Aye | Nay | Absent/Abstain |
|---|---|---|---|
| Bill Baertlein | ✓ | | / |
| Mary Faith Bell | ✓ | | / |
| David Yamamoto | ✓ | | / |

Exhibit 3
Complaint
Page 3 of 3

# Office of the Governor
# State of Oregon



## EXECUTIVE ORDER NO. 20-12

**STAY HOME, SAVE LIVES: ORDERING OREGONIANS TO STAY AT HOME, CLOSING SPECIFIED RETAIL BUSINESSES, REQUIRING SOCIAL DISTANCING MEASURES FOR OTHER PUBLIC AND PRIVATE FACILITIES, AND IMPOSING REQUIREMENTS FOR OUTDOOR AREAS AND LICENSED CHILDCARE FACILITIES**

On February 28, 2020, I appointed the State of Oregon's Coronavirus Response Team.

On February 29, 2020, the Department of Human Services issued strict guidelines, restricting visitation at congregated care facilities, including nursing homes.

On March 2, 2020, the State of Oregon Emergency Coordination Center was activated.

On March 8, 2020, I declared an emergency under ORS 401.165 *et seq*. due to the public health threat posed by the novel infectious coronavirus (COVID-19).

On March 12, 2020, I prohibited gatherings of 250 or more people, and announced a statewide closure of Oregon K-12 schools from March 16, 2020, through March 31, 2020.

On March 13, 2020, the President of the United States declared the COVID-19 outbreak a national emergency.

On March 16, 2020, the Department of Human Services imposed its most recent protective measures to restrict visitors to long-term care facilities and other residential facilities. The Oregon Health Authority has adopted similar measures at the Oregon State Hospital and other behavioral health settings and has limited admissions to the Oregon State Hospital. The Oregon Department of Corrections has suspended all visits to state prisons.

On March 17, 2020, I prohibited gatherings of 25 or more people, banned on-site consumption of food and drink at food establishments statewide, and extending school closures until April 28, 2020. I also encouraged all businesses not subject to the prohibitions to implement social distancing protocols.

On March 18, 2020, I suspended in-person instructional activities at higher education institutions through April 28, 2020.

Exhibit 4
Complaint
Page 1 of 8



# Office of the Governor
# State of Oregon



**EXECUTIVE ORDER NO. 20-12**
**PAGE TWO**

On March 19, 2020, I ordered the postponement of non-urgent health care procedures, in order to conserve personal protective equipment and hospital beds for the state's COVID-19 emergency response efforts. I also directed the Oregon Health Authority to provide guidance regarding limitations and screening for visitors to hospitals and ambulatory surgical centers.

COVID-19 may cause respiratory disease leading to serious illness or death. The World Health Organization considers COVID-19 to be a global pandemic. COVID-19 spreads person-to-person through coughing, sneezing, and close personal contact, including touching a surface with the virus on it and then touching your mouth, nose, or eyes.

To reduce spread of COVID-19, the United States Centers for Disease Control and Prevention (CDC) has recommended community mitigation strategies to increase containment of the virus and to slow transmission of the virus, including cancellation of gatherings of people and social distancing in smaller gatherings.

State and local public health officials advise that the virus is circulating in the community and expect the number of cases to increase. The CDC reports that COVID-19 is most contagious when the individual is most symptomatic but may also spread before symptoms appear.

The number of COVID-19 cases continues to rise in Oregon. On March 8, 2020, at the time I declared an emergency, there were 14 presumptive or confirmed cases in Oregon. By March 12, 2020, there were 21. As of today, there are at least 161 cases and five deaths.

In a short time, COVID-19 has spread rapidly. Additionally, some Oregonians are not adhering to social distancing guidance provided by the Oregon Health Authority, as represented by crowds this last weekend at the Oregon Coast, Smith Rock State Park, the Columbia River Gorge, and other places around the state. To slow the spread of COVID-19 in Oregon, to protect the health and lives of Oregonians, particularly those at highest risk, and to help avoid overwhelming local and regional healthcare capacity, I find that immediate implementation of additional measures is necessary. The purpose of this Executive Order is to reduce person-to-person interaction with the goal of slowing transmission.

Exhibit 4
Complaint
Page 2 of 8





# Office of the Governor
# State of Oregon

**EXECUTIVE ORDER NO. 20-12**
**PAGE THREE**

**NOW THEREFORE, IT IS HEREBY DIRECTED AND ORDERED THAT:**

Stay Home, Save Lives

1.      It is essential to the health, safety, and welfare of the State of Oregon during the ongoing state of emergency that, to the maximum extent possible, individuals stay at home or at their place of residence, consistent with the directives set forth in my Executive Orders and guidance issued by the Oregon Health Authority.  To that end, pursuant to ORS 433.441(3), ORS 401.168(1), ORS 401.175(3), and ORS 401.188(2) to (3), I am ordering the following:

   a.      Non-essential social and recreational gatherings of individuals outside of a home or place of residence (e.g., parties, celebrations, or other similar gatherings and events) are prohibited immediately, regardless of size, if a distance of at least six feet between individuals cannot be maintained.

   b.      Individuals are prohibited from patronizing businesses that are closed pursuant to paragraph 2 of this Executive Order, and from engaging in conduct prohibited by prior Executive Orders or inconsistent with guidance provided by the Oregon Health Authority.

   c.      When individuals need to leave their homes or residences, they should at all times maintain social distancing of at least six feet from any person who is not a member of their immediate household, to the greatest extent possible, and comply with the other Social Distancing Requirements guidance issued by the Oregon Health Authority.

   d.      Individuals may go outside for outside recreational activities (walking, hiking, etc.), but must limit those activities to non-contact, and are prohibited from engaging in outdoor activities where it is not possible to maintain appropriate social distancing (six feet or more between individuals).

   e.      Failure to comply with any of the provisions of this Executive Order constitutes an imminent threat and creates an immediate danger to

Exhibit 4
Complaint
Page 3 of 8


# Office of the Governor
## State of Oregon



**EXECUTIVE ORDER NO. 20-12**
**PAGE FOUR**

public health.  Any person found to be in violation of this Executive Order is subject to the penalties described in ORS 401.990.

<u>Closure of Certain Businesses</u>

2.      Pursuant to ORS 433.441(3)(a), (b), (d) and (f), ORS 401.168(1), and ORS 401.188(1) to (3), and effective 12:01 a.m. on March 24, 2020, I prohibit the operation of the following businesses, for which close personal contact is difficult or impossible to avoid:

Amusement parks; aquariums; arcades; art galleries (to the extent that they are open without appointment); barber shops and hair salons; bowling alleys; cosmetic stores; dance studios; esthetician practices; fraternal organization facilities; furniture stores; gyms and fitness studios (including climbing gyms); hookah bars; indoor and outdoor malls (i.e., all portions of a retail complex containing stores and restaurants in a single area); indoor party places (including jumping gyms and laser tag); jewelry shops and boutiques (unless they provide goods exclusively through pick-up or delivery service); medical spas, facial spas, day spas, and non-medical massage therapy services; museums; nail and tanning salons; non-tribal card rooms; skating rinks; senior activity centers; ski resorts; social and private clubs; tattoo/piercing parlors; tennis clubs; theaters; yoga studios; and youth clubs.

3.      Paragraph 2 of this Executive Order does not apply to restaurants, bars, taverns, brew pubs, wine bars, cafes, food courts, coffee shops, or other similar establishments that offer food or drink, which remain subject to Executive Order No. 20-07 (prohibiting on-premises consumption of food or drink, but allowing take-out or delivery service).

4.      Indoor and outdoor malls, and other businesses subject to paragraph 2 of this Executive Order, are not prohibited from operating to provide food, grocery, health care, medical, pharmacy, or pet store services.

5.      Subject to approval by the Governor, the Oregon Health Authority has the authority to determine if additional business closures are necessary to slow the spread of COVID-19 during the ongoing state of emergency.

Exhibit 4
Complaint
Page 4 of 8



# Office of the Governor
# State of Oregon



**EXECUTIVE ORDER NO. 20-12**
**PAGE FIVE**

Required Social Distancing for Other Retail Businesses

6.      Pursuant to ORS 433.441(3)(a), (b), (d) and (f), ORS 401.168(1), and
        ORS 401.188(1) to (3), and effective 12:01 a.m. on March 24, 2020, I
        prohibit the operation of any other retail business not subject to paragraph 2
        of this Executive Order, unless the business designates an employee or
        officer to establish, implement, and enforce social distancing policies,
        consistent with guidance from the Oregon Health Authority.

7.      Retail businesses that fail to comply with paragraph 6 of this Executive
        Order will be closed until they demonstrate compliance.

8.      Paragraphs 6 and 7 of this Executive Order do not apply to grocery, health
        care, medical, or pharmacy services, which also are encouraged to comply
        with social distancing guidelines.

Workspace Restrictions

9.      Pursuant to ORS 433.441(3)(a), (b), (d) and (f), ORS 401.168(1), and ORS
        401.188(1) to (3), and effective March 25, 2020, all businesses and non-
        profit entities with offices in Oregon shall facilitate telework and work-at-
        home by employees, to the maximum extent possible.  Work in offices is
        prohibited whenever telework and work-at-home options are available, in
        light of position duties, availability of teleworking equipment, and network
        adequacy.

10.     When telework and work-from-home options are not available, businesses
        and non-profits must designate an employee or officer to establish,
        implement, and enforce social distancing policies, consistent with guidance
        from the Oregon Health Authority.  Such policies also must address how the
        business or non-profit will maintain social distancing protocols for
        business-critical visitors.

11.     Businesses and non-profits that fail to comply with paragraphs 9 and 10 of
        this Executive Order will be closed until they demonstrate compliance.

Exhibit 4
Complaint
Page 5 of 8



# Office of the Governor
# State of Oregon



**EXECUTIVE ORDER NO. 20-12**
**PAGE SIX**

Government Buildings

12.     Pursuant to ORS 433.441(3)(a), (b), (d) and (f), ORS 401.168(1), and ORS 401.188(1) to (3), and effective March 25, 2020, all state executive branch offices and buildings, to the maximum extent possible, shall close to the public and provide public services by phone and online during regular business hours.  To the extent that closure is not feasible, in-person interactions between staff and the public should be by appointment, whenever possible.  When public services require in-person interactions, social distancing measures must be established, implemented, and enforced, to the maximum extent possible.

13.     State executive branch offices and buildings shall facilitate telework and work-at-home by employees, to the maximum extent possible.  When telework and work-from-home options are not possible, agencies must designate an employee or officer to establish, implement, and enforce social distancing policies, consistent with guidance from the Oregon Health Authority.

14.     Paragraphs 12 and 13 of this Executive Order apply to all offices and buildings owned or occupied by the state executive branch.  This Executive Order does not apply to offices and buildings owned or occupied by the state legislative and judicial branches, federal government, local governments, and tribal governments, but those governments are nonetheless strongly encouraged to adhere to the policies underlying these directives.

Childcare Facilities

15.     Pursuant to ORS 433.441(3)(a) and (d), ORS 401.168(1), and ORS 401.188(2) and (3), it is ordered that any childcare facility licensed under ORS 329A.030 and ORS 329A.250 to ORS 329A.450 that does not meet the requirements of paragraph 16 of this Executive Order shall close from March 25, 2020, through April 28, 2020 ("effective period"), unless that period is extended or terminated earlier by the Governor.

16.     Notwithstanding paragraph 15, childcare facilities are allowed to remain open during the effective period if they meet the following requirements:

Exhibit 4
Complaint
Page 6 of 8




# Office of the Governor
# State of Oregon

**EXECUTIVE ORDER NO. 20-12**
**PAGE SEVEN**

> a.    Childcare must be carried out in maximum stable groups of 10 or fewer children ("stable" means the same 10 or fewer children are in the same group each day), and in a classroom that cannot be accessed by children outside the stable group; and
>
> b.    Facilities must prioritize the childcare needs of first responders, emergency workers, health care professionals, followed by critical operations staff and essential personnel, consistent with guidance provided by the Oregon Department of Education, Early Learning Division.

17.    I delegate authority to the Oregon Department of Education, Early Learning Division, to set forth exceptions to the rules provided by paragraph 16 of this Executive Order, if it becomes necessary to do so.

Outdoor Recreation and Travel

18.    Pursuant to the powers vested in me by ORS 433.441(3), ORS 401.168(1) and (3), and ORS 401.188(1) to (3), I hereby order all private and public campgrounds to be closed immediately. This order does not prohibit camp hosts or veterans from remaining in state campgrounds, nor does it extend to RV parks and other housing.

19.    I authorize the Oregon Parks and Recreation Department to close any property or facility, when proper social distancing cannot be maintained.

20.    I order the immediate closure of all pools, skate parks, outdoor sports courts, and playground equipment areas.

21.    For public recreational areas that are permitted to remain open subject to this Executive Order, signs requiring social distancing must be posted at all entrances, exits, and in prominent areas. On-site restrooms must have trash cans, and soap and water or hand sanitizer available. Users of open public recreational areas must strictly adhere to social distancing guidelines.

22.    Individuals are directed to minimize travel, other than essential travel to or from a home, residence, or workplace; for obtaining or providing food, shelter, essential consumer needs, education, health care, or emergency services; for essential business and government services; for the care of family members, household members, elderly persons, minors, dependents,

Exhibit 4
Complaint
Page 7 of 8



# Office of the Governor
## State of Oregon



**EXECUTIVE ORDER NO. 20-12**
**PAGE EIGHT**

persons with disabilities, or other vulnerable persons, pets or livestock; travel as directed by government officials, law enforcement, or courts; and other essential travel consistent with the directives of my Executive Orders and guidance from the Oregon Health Authority.

Enforcement

23.    The directives in this Executive Order are effective statewide.

24.    This Executive Order is a public health law, as defined in ORS 431A.005, and may be enforced as permitted under ORS 431A.010. Additionally, any person found to be in violation of this Executive Order is subject to the penalties described in ORS 401.990.

This Executive Order is issued under the authority conferred to the Governor by ORS 401.165 to 401.236. Pursuant to ORS 401.192(1), the directives set forth in this Executive Order have the full force and effect of law, and any law, ordinances, rules and orders shall be inoperative to the extent that they are inconsistent with this exercise of the Governor's emergency powers.

This Executive Order is effective immediately, and remains in effect until terminated by the Governor.

Done at Salem, Oregon this 23rd day of March, 2020.

_Kate Brown_

_____

Kate Brown
GOVERNOR

ATTEST:

_____

Bev Clarno
SECRETARY OF STATE

Exhibit 4
Complaint
Page 8 of 8



BEFORE THE BOARD OF COUNTY COMMISSIONERS

FOR TILLAMOOK COUNTY, OREGON

In the Matter of the Continuance of a    )        RESOLUTION
Local State of Emergency Within          )        #R-20-008
Tillamook County                         )

       This matter came before the Tillamook County Board of Commissioners on April 22, 2020.  The Board of Commissioners, being fully apprised of the records and files herein, finds as follows:

1.     Under the emergency powers granted by ORS 401.305, on March 14, 2020 the Board of Commissioners signed Resolution #R-20-005 designating a State of Emergency within Tillamook County due to the spread of the Coronavirus (COVID-19).

2.     On March 22, 202 the Board of Commissioners signed Resolution #R-20-006 continuing a local State of Emergency.

3.     The attached memorandum dated April 17, 2020 from the Tillamook County COVID-19 Incident Command Team, supports the finding that the emergency and the need to reduce the spread of COVID-19 still exists.

NOW, THEREFORE, LET IT BE RESOLVED, that following are effective immediately:

4.     Resolution #R-20-006 continuing a local State of Emergency in Tillamook County is hereby extended and shall expire on May 15, 2020, unless extended by the Board.

//

//

//

//

//

//

//

Exhibit 5
Complaint
Page 1 of 4

DATED this 22nd day of April, 2020.

BOARD OF COMMISSIONERS FOR
TILLAMOOK COUNTY, OREGON

|  | Aye | Nay | Absent/Abstain |
|---|---|---|---|
| Bill Baertlein, Chair | ✓ | | / |
| Mary Faith Bell, Vice Chair | | | / |
| David Yamamoto, Commissioner | | | / |

ATTEST: Tassi O'Neil, County Clerk

BY: _____
Special Deputy

APPROVED AS TO FORM:

_____
William K. Sargent, County Counsel

Exhibit 5
Complaint
Page 2 of 4

# MEMO

April 17, 2020

To:          Bill, Baertlein, Chairman, Board of Commissioners, Tillamook County

From:        Lt. Gordon McCraw, Incident Commander,
             Tillamook County COVID-19 Incident Command Team (ICT)

Subject:     Resolution R-20-006

1. The above subject resolution was a continuance of a Local State of Emergency within Tillamook County. This resolution ordered the closure of parks, parking lots, boat launches, campgrounds, transit lodging, and more. This Resolution is set to expire on April 28th, 2020.
2. I have advised the ICT that we will be discussing this in more detail at our regularly scheduled meeting Monday, April 20th but in a preliminary discussion with the Tillamook County Health Department, we think the current April 28th date would be premature for a complete reopening of all the listed facilities.
3. While the State believes the models show a flattening of the COVID-19 curve, we are still not seeing a decrease in this curve. Our concerns are:
    a.  Tillamook County continues to have positives at a rate of 1 to 2 a week. While these number are considered low, to increase the rate of positive cases above this level would put a strain on our smaller Medical Systems.
    b.  The counties to our east, Washington, Multnomah, and Marion County alone, from which many of the visitors would travel from, continue to have much higher increase rates and their positive cases currently ranges from over 200 recorded cases, to nearly 400 cases. These three counties alone also account for over ½ of the Oregon deaths.
    c.  Testing and medical PPE equipment remains at very low levels throughout the state.
    d.  Grocery deliveries continue to be outpaced by customer purchase levels which also directly affects our restaurant's ability to serve current customer levels.
4. Because of the above, we recommend extending the Resolution through the middle of May. We will also recommend convening a workgroup, with a facilitator, made up of members of the affected businesses to work though the best manner to bring back the businesses in a phased approach. This may also require the workgroup be broken into subgroups to look at the different areas and recommend a fair and safe solution to that particular industry.
5. The phased approach mentioned above would allow the health professionals the ability to evaluate what effect each level increase has on COVID transmission before moving to the next level and thus prevent an unexpected spike in cases that would overwhelm our small system.

Exhibit 5
Complaint
Page 3 of 4

6. We recognize it is important to the economy to open up businesses once again but feel that to have a reopening of all services, all at once, could have a catastrophic effect by causing a big spike in Positive Cases in Tillamook County that would then cause a reclosure of these businesses as well as overwhelming the medical systems in the county at the same time.

7. We do not know what the State will recommend.

Sincerely,


Gordon McCraw

Exhibit 5
Complaint
Page 4 of 4

BEFORE THE BOARD OF COUNTY COMMISSIONERS

FOR TILLAMOOK COUNTY, OREGON

In the Matter of the Continuance of a     )     RESOLUTION
Local State of Emergency Within           )     #R-20-010
Tillamook County                          )

This matter came before the Tillamook County Board of Commissioners on May 5, 2020.  The Board of Commissioners, being fully apprised of the records and files herein, finds as follows:

1.     Under the emergency powers granted by ORS 401.305, on March 14, 2020 the Board of Commissioners signed Resolution #R-20-005 designating a State of Emergency within Tillamook County due to the spread of the Coronavirus (COVID-19).

2.     On April 22, 2020 the Board of Commissioners signed Resolution #R-20-008 continuing the local State of Emergency through May 15, 2020.

3.     The emergency still exists, and the Board deems it is necessary to extend the emergency.

NOW, THEREFORE, LET IT BE RESOLVED, that following are effective immediately:

4.     Resolution #R-20-008 continuing a local Sate of Emergency in Tillamook County is hereby extended and shall expire on May 31, 2020, unless extended by the Board.

//

//

//

//

//

//

//

//

Exhibit 6
Complaint
Page 1 of 2

DATED this 5th day of May, 2020.

BOARD OF COMMISSIONERS FOR
TILLAMOOK COUNTY, OREGON

|  | Aye | Nay | Absent/Abstain |
|---|---|---|---|

Bill Baertlein
_____
Bill Baertlein, Chair

Aye: ✓    Absent/Abstain: /

MF Bell
_____
Mary Faith Bell, Vice Chair

Aye: ✗    Absent/Abstain: /

_____
David Yamamoto, Commissioner

Aye: ✗    Absent/Abstain: /

ATTEST: Tassi O'Neil, County Clerk

BY: _____
        Special Deputy

APPROVED AS TO FORM:

_____
William K. Sargent, County Counsel

Exhibit 6
Complaint
Page 2 of 2