UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MANKINS FAMILY LLC, an Oregon domestic limited liability company, and PACIFIC CITY INN, INCORPORATED, an Oregon domestic corporation, | 3:20-cv-778-JR<br><br>OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| TILLAMOOK COUNTY, OREGON, a political subdivision of the state of Oregon, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiffs Mankins Family LLC and Pacific City Inn, Inc. bring this action alleging defendant Tillamook County, Oregon, in response to a public health emergency, violated their federal and state constitutional rights to equal protection, and substantive and procedural due process. Defendant sought summary judgment in its favor. The Court granted summary judgment as to all claims except for plaintiffs' equal protection claim. Defendant then sought reconsideration of the denial of summary judgment as to the equal protection claim and the Court

Page 1 -OPINION & ORDER

affirmed the denial. Defendant now moves for a second time seeking summary judgment as to the remaining claim.

As noted in the Court's previous orders, on March 22, 2020, Tillamook County passed a resolution closing various public facilities and limiting transient lodging facilities to essential personnel in Tillamook County only when necessary for essential work. On March 23, 2020, Governor Brown issued an executive order limiting Oregonians to essential travel. On April 17, 2020, Tillamook County extended the lodging restriction and other restrictions until May 31, 2020. On May 6, 2020, the City of Tillamook, inconsistent with the County's resolution, allowed the three lodging facilities within city limits to fully reopen. The County took no action against the City's lodging facilities when they reopened. On May 13, 2020, the County fully reopened transient lodging beginning May 29, 2020. However, also on May 13, 2020, the County limited its order to private transient lodging within the unincorporated areas of Tillamook County and thus exempted all incorporated cities and not just Tillamook City. May 13, 2020 Resolution #R-20-013 (ECF 17-1 at p. 4).

The Court previously noted a lack of support for the County's argument that the County restrictions were rendered unenforceable by the City's resolution. Accordingly, summary judgment was inappropriate because the record did not demonstrate that the plaintiff's facilities were not similarly situated to the facilities located in the City of Tillamook. Plaintiffs demonstrated a genuine issue of fact for trial based on a suggestion of the County's enforcement action against them while at the same time the County did not oppose facilities reopening in the City of Tillamook (or other incorporated Cities for that matter).

Both Tillamook County and the incorporated cities of Tillamook County are authorized to

Page 2 - OPINION & ORDER

declare a state of emergency pursuant to Or. Rev. Stat. § 401.309(2) (a city or county "may, by ordinance or resolution, establish procedures to prepare for and carry out any activity to prevent, minimize, respond to or recover from an emergency.").

The County previously argued the statute does not provide for supremacy of the County over the City and that it thus had no authority to enforce its emergency declaration over City establishments once the City exercised its authority to lift its declaration. However, nothing in that statute suggests the City may override the County's declaration, only that it may itself declare a state of emergency.[1]

The Court also noted that in arguing for summary judgment, defendant took a position indicating that the City may not contravene the resolution limiting lodging facilities:

> The County passed the disputed Resolution, R-20-006, on March 22, 2020. (Compl., pp. 28-30). It was under ORS 401.305 and ORS 401.309 that the County exercised its police power to slow the spread of COVID-19 by discouraging tourism. On May 6, 2020, the City of Tillamook reopened transient lodging within its jurisdiction – inconsistent with the County's Resolution extending such restrictions until the end of May. (Jones Decl., Ex. 1) (The City apparently believed compliance with the Governor's Executive Order 20-12 was their only constraint). **The County did not condone the City's reopening and even considered filing an injunction to prevent it.** (Jones Decl., Ex. 7, pp. 6-7).

(Motion for Summary Judgment (ECF 14) at p. 15 (emphasis added).

However, the County now presents evidence that it believed it could not enforce its resolution in the City of Tillamook or other incorporated Cities absent consent because of the home-rule doctrine. William Sargent, County Counsel, states:

> After the meeting adjourned, I spoke to the Commissioner about his inquiry into

---

[1] For a contrary example, the power of a County under Or. Rev. Stat. § 203.035 ("a county may by ordinance exercise authority within the county over matters of county concern, to the fullest extent allowed by Constitutions and laws of the United States and of this state, as fully as if each particular power comprised in that general authority were specifically listed in ORS 203.030 to 203.075"), is inapplicable inside an incorporated city absent consent.  Or. Rev. Stat. § 203.040.

Page 3  - OPINION & ORDER

> filing an injunction. I reminded the Commissioner that despite his disagreement with the City, the County could not stop the City from exercising its independent jurisdiction by filing an injunction. Accordingly, the County took no action to stop the City from opening its transient lodging facilities. Such a proceeding would have been futile, in my opinion, in light of the City's home-rule authority.

Declaration of William Sargent (ECF 45) at ¶ 3.

The Oregon Constitution bestows upon cities home-rule authority and limits the power of the state legislature over local matters:

> The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon….

Or. Const. art. XI, § 2

Although Counties may also adopt home-rule charters, Tillamook County notably has not done so. Counties without home-rule charters cannot enact a law unless the power to enact that law is provided by a grant of power from the legislature. See, e.g., Carriker v. Lake County, 89 Or. 240, 246, 173 P. 573 (1918) (noting lack of power to enact laws without grant of power from legislature or by the people as a whole).[2] As such, Tillamook County is a subdivision of the State. Tillamook County thus derives its emergency declaration authority through Or. Rev. Stat. § 401.309 as noted above.

A party that challenges a home-rule city's authority as preempted by state law is required to show that the legislature "unambiguously" expressed its intent. Rogue Valley Sewer Servs. v. City of Phoenix, 357 Or. 437, 454, 353 P.3d 581, 590 (2015). Thus, the issue at this stage of the proceedings is not properly framed as one in which the statute, under which both the City and

---

[2] Oregon voters did grant such power to counties in 1958 through approval of Or. Const. VI, section 10 granting home-rule to Counties. As noted, Tillamook County has not adopted a home-rule charter.

Page 4 - OPINION & ORDER

County of Tillamook derive power to enact the restriction on lodging, affirmatively empowers incorporated cities to override the County's declaration. Rather, the issue is whether the statute unambiguously allows the County to preempt the City's authority in this area. The statute in question expressly preempts a city's power only through a declaration by the Governor. See Or. Rev. Stat. § 401.309(5). While Tillamook County has similar authority to enact restrictions under the statute, its authority is limited to that specific grant from the state given its lack of home-rule authority.

Plaintiffs cite a law review article for the proposition that a people of a city are subject to the jurisdiction of both the city and the county in which it sits. Orval Etter, *County Home Rule in Oregon*, 46 Or. L. Rev. 251, 266 (1967). However, the author specifically notes:

> [Precedent] suggest that where, as in Oregon, a state through its constitution simultaneously offers its cities the whole sum of intramural authority, and where persons and property in a city in the state are subject to both city and county jurisdiction, **conflicts in exercise of the city and county authority may be judicially resolved by regarding the city authority as paramount**.

Id. at 272 (citing Schubl v. Olcott, 60 Or. 503, 120 P. 375, 379 (1912) (in pursuance of local self-government "municipal corporations are … invested with rights and power .... subordinate to … the state, **but exclusive within their sphere**") (Emphasis added).

The County has now demonstrated that its power to restrict lodging under authority granted by the state does not empower the County to preempt an incorporated city's authority in this area. The Court finds, as a matter of law, that plaintiffs' lodging facilities, located in unincorporated areas of Tillamook County, are not similarly situated to other lodging facilities within the County that exist in incorporated cities and therefore subject to the autonomous authority of the city in which they reside. Accordingly, plaintiffs' equal protection claim necessarily fails and defendant

is entitled to summary judgment on this claim. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). (The Equal Protection Clause of the Fourteenth Amendment protects against intentionally different treatment from others similarly situated where there exists no rational basis for the different treatment.

## CONCLUSION

Defendant's second motion for summary judgment (ECF 42) against plaintiffs' remaining claim is granted and the case is dismissed. The pretrial conference scheduled September 27, 2021, and trial scheduled October 6-8, 2021, are stricken. The Clerk is directed to enter judgment in favor of defendant.

DATED this 18th day of August, 2021.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge